## WERELY, by his guardian, v. PERSONS.(a)

In an action for an assault and battery, the plaintiff's complaints of pain and soreness, made to other persons, at the time and soon after the commisssion of the assault, are competent evidence in his own behalf, in respect to the extent of the injury, in connection with other testimony.

APPEAL from the Supreme Court. The action was for an assault and battery. It was proved that the defendant kicked the plaintiff, a boy of 14 years, in his side. The plaintiff immediately complained that he was injured, and went away with his hand upon his side crying. He left the defendant's, where he was at work when the assault occurred; and the next day commenced work for a farmer in the same neighborhood, where he cradled all day and continued to do good days' work regularly, afterwards. A man who worked with him and slept with him during this time, for two or three weeks, was allowed to testify, that when he slept with him he complained of pain and soreness in his right side, and said he could not sleep on that side because it hurt him. An objection to this testimony presents the only question in this case.

SELDEN, J. I am not able to distinguish this case, in principle, from those of *Aveson* v. *Lord Kinnaird*, (6 East, 188;) *Gray* v. *Young*, (Harper, 38;) and *Caldwell* v. *Murphy*, (1 Kern. 416.) The declarations in this case are a little more remote than in the previous cases, and the circumstances are such as to throw more doubt upon their sincerity, but their remoteness was not such as to furnish a ground for their exclusion. I think it entirely safe to leave the question to the jury in all such cases, whether any and what credit shall be given to such declarations. As was said by Judge JOHNSON, in the case of *Gray* v. *Young*, (*supra*,)

(a) Decided March Term, 1863.

where, in an action on the warranty of the soundness of a slave, the declarations of the slave were allowed to be proved against the defendant, "No evil can possibly result from such a principle; for if unattended by any external symptoms of disease, they never could gain credit. Whatever might be the declarations, or complaints, no one would be accredited for them, who exhibited all the appearances of robust health and vigor, without the most palpable demonstration of an existing disease." The present case appears to me to illustrate the correctness of this reasoning. If the jury had given the least credit to the declarations of the plaintiff, as to the long continuance of his suffering, their verdict would probably have been much larger than it was.

I think the judgment should be affirmed.

ROSEKRANS, J. The plaintiff, in this case, gave evidence tending to show that the immediate effect of the violence to his person, inflicted by the defendant, was to produce a pain in the plaintiff's side. Soon after he was kicked by the defendant he came from the barn where he received the injury, to the defendant's house, and as he went he walked lame and held his side, and upon being asked what was the matter, he answered that the pain was in his side. Soon after, the plaintiff left the defendant's house to go to his father's, and as he walked away he held his side and talked as if he were crying. On his way home he passed the house of a witness and was crying and holding his right side. The next day he went to one Cherritree's to work, and remained for two months, and while there slept with one Geeley. The plaintiff was allowed to prove by Geeley, notwithstanding the defendant's objection, that during the entire two months the plaintiff in the night time complained of his right side, and said that he lay on his left side because it hurt him to lie upon his right side.

The only question in the case is whether this testimony was properly admitted. And that question seems to have

been determined by this court in the case of *Caldwell* v. *Murphy,* (1 Kern. 416.) There a witness, *not a physician,* who attended upon the plaintiff for ten days after he received the injury complained of, was allowed to testify that during that time the plaintiff *had invariably complained.* This testimony was of the same nature as that given in the case under consideration. The character of the witnesses in the two cases is precisely the same. *Phillips* says, in his treatise on *Evidence,* (vol, 1, 182, Edw. ed.) the representations of a patient to his medical attendant who has an opportunity of observing whether they correspond with the symptoms to which they refer, appear to be entitled to greater weight than if made to an inexperienced person, and to afford stronger presumption that they are genuine; but that they are admissible in evidence, though made to another not a medical attendant. *Greenleaf* lays down the same, (1 Greenl. Ev. § 102,) and both of these authors say that when it is material to inquire as to the bodily or mental feelings of a party, the usual expressions of such feelings, made at the time in question, are in the nature of original evidence. This court, in *Caldwell* v. *Murphy,* (*supra,*) held that such evidence did not fall within the rule which excludes the declarations of a party in his own favor; that it is admissible from the necessity of the case, and may safely be left to the jury in connection with the other evidence touching the alleged injured person's condition. Within these rules the testimony objected to was properly admitted.

The judgment should be affirmed.

All the other Judges concurring,

Judgment affirmed.