FINETTE DE LONG, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

*Evidence — testimony as to the acts and complaints of one suffering from physical injuries — when it is admissible if the party himself cannot appear to testify.*

This action was brought by the plaintiff to recover damages for personal injuries sustained from the falling of a berth which she was occupying in one of the defendant's sleeping cars. It was shown that the plaintiff was, at the time of the trial, from her enfeebled mental and physical condition, unable to then give any testimony. A person, to whose house she was taken after leaving the car, was allowed, against the defendant's objection and exception, to testify in regard to the appearance of the plaintiff on the morning after the accident, and as to what the witness observed as to her manner and condition, and as to the plaintiff's actions and complaints of pain and suffering.

*Held,* that the evidence was properly admitted.

APPEAL from a judgment in favor of the plaintiff, entered in Chenango county, upon the report of five referees, for $7,000.

The plaintiff took passage on the evening train in the defendant's sleeping car on the 28th of October, 1883, in the village of Norwich, for Hoboken, having purchased a ticket from the defendant for her passage and for a berth in a sleeping car, and having paid the proper charges therefor. The complaint, among other things, alleges, viz., that during the night, while she was asleep in her berth, some portion of the said berth or car gave away, becoming dislodged or broken, and fell upon her head, breaking her skull and seriously injuring and bruising her head; that the said injuries resulted from the gross carelessness and negligence of the defendants, their agents and servants in the construction and in the management of the said car and its equipments; that this plaintiff has ever since the said injury suffered and is suffering great pain; that her mind has been affected and is affected thereby, and that she has lost all power of walking and labor. That she was a merchant, doing business at Norwich, Chenango county, as a milliner. That in consequence of her said injury she has become and wholly remains unable to take charge of her said business and that she has lost her customers and her business.

The referees found as follows, viz.: "The plaintiff was free from

negligence, but that the defendant by its negligence through its servants and agents was the cause of the said injuries to the plaintiff, and that this plaintiff has sustained injuries from the defendant's negligence and has suffered damages by reason thereof in the sum of $7,000."

The referees ordered judgment for $7,000.

*Edward B. Thomas*, for the appellant.

*I. S. & H. G. Newton*, for the respondent.

HARDIN, P. J. :

Appellant makes a single point upon the appeal before us, which is to the effect that error was committed in receiving evidence of the plaintiff's declarations in respect to her condition during the twelve days intervening between the time of her injuries and the "time she took to her bed."

It appeared in the progress of the trial that the plaintiff was wholly unable to give her testimony by reason of her enfeebled mental and physical condition at the time of the trial. Mary Haskell, a witness for the plaintiff, at whose house the plaintiff was while in New York, after describing the plaintiff and stating her acquaintance with her, was asked to describe the plaintiff's appearance and to state whether the witness observed anything in her manner. An objection was taken and an exception to the ruling allowing the evidence, and a motion was made by the defendant to strike out what the witness said, describing the manner of the plaintiff and facts indicating her condition of mind. Plaintiff offered the evidence for the purpose of showing " the then present condition of the plaintiff" and to show the actions of the plaintiff and "not the plaintiff's details of past transactions." The court ruled that the evidence was competent and the defendant took an exception. The witness then added : " The plaintiff spoke about being hurt, and kept both hands continually on her head ; she said the pain was intense and she kept her hands each side and pressed on her head, telling how terrible the pain was, and upon her back (indicating).
\*   \*   \*   I might have seen her four or five times, probably every evening during her stay there ; she walked very unsteady and as she passed into my room I told her she could go that way ;

when she got in a little ways she turned around and held on the side of the wall, and she asked if I said she could go in that way; she took hold along by the door and she went in the room; I have known of her coming back in the morning after going out.   *   *   * She did not go on the cars and I can't tell how she came back; she came back again in the morning; I heard her say why she came back so quick." This was objected to and an exception taken and the witness added: "She said she got so dizzy in the cars she had to get out on the sidewalk; then she was bewildered and did not know where she was; she took the cars and came back and had forgotten all the streets in the meantime and was carried past the house; she came back because of her sickness."

The plaintiff's counsel then stated as a question, viz.: "I don't care for the details; state what complaints she made?" Thereupon the witness answered: "She said her head felt dizzy and her back as it seemed to affect her, so she came back; she walked unsteady at all times while at my house; she remained there until Monday night following the Sunday morning — a week."

This evidence was followed by a very full statement of the plaintiff's return to her home and taking her bed twelve days after the accident; the details of her suffering from abscesses formed inside of her skull and outside of the surface of the brain, and their discharge through the drum of the ear, and some permanent injuries received by the plaintiff, and the opinion of physicians that in all probabilities she would die from the injuries received.

In the progress of the evidence we see no attempt on the part of the plaintiff to establish what took place at the time the injuries were received. The circumstances of the injuries were shown by a class of evidence found in the testimony of her brother who was accompanying her on the journey, and one of the attendants in the car who assisted in applying cold water to the plaintiff's head.

We think that the evidence, which is found in the case for the purpose of characterizing the condition of the plaintiff subsequently to her injury, was competent and that no error was committed in receiving the same. The physical and mental condition of the plaintiff after receiving the injuries was a proper subject of inquiry. The extent of the pain and suffering of the plaintiff after receiving the injuries was properly inquired into.

In the early case of *Goodwin* v. *Harrison* (1 Root, 80), cited in Judge ALLEN's opinion in *Reed* v. *The New York Central Railroad Company* (45 N. Y., 579), it was held that in an action by a young lady for bodily injuries that it was allowable to prove the complaint made to her mother the morning after the injuries. That ruling was upheld on the ground of necessity, inasmuch as there was no other method of proving the fact. That ruling was approved in *Caldwell* v. *Murphy* (1 Kernan, 416) and in *Werely* v. *Persons* (28 N. Y., 344). As the plaintiff could not be a witness in this case the necessity for that class of evidence existed. (*Reed* v. *The N. Y. Central R. R. Co.*, 45 N. Y., 579.)

In *Caldwell* v. *Murphy* (11 N. Y., 419) a witness testified that the plaintiff, since the accident, "has invariably complained," and the court refused to strike out the evidence. In considering that ruling Judge DENIO remarked, viz.: "I am of the opinion that the evidence objected to did not fall within the rule which excludes the declarations of a party in his own favor. It is one of the natural concomitants of illness and of physical injuries for the sick or injured person to complain of pain and distress. A complaint, it is true, may be simulated, but it is generally real. I think such evidence is admissible from the necessity of the case, and that it may safely be left to the jury in connection with the other evidence touching the alleged sick or injured person's condition." The doctrine of the case from which we have just quoted was cited and approved in *Werely* v. *Persons* (28 N. Y., 344).

The same doctrine was followed in *Nichols* v. *Brooklyn Railroad Company*, where the declarations of the plaintiff to third persons, after the injury, was allowed. (30 Hun, 437.) *Waldele* v. *The New York Central and Hudson River Railroad Company* (95 N. Y., 274) contains nothing inconsistent with the doctrine we have referred to. That case held that declarations which are more in the nature of a past transaction are not admissible as a part of the "*res gestæ*," and the learned judge, near the close of his opinion, remarks, viz.: "So here the evidence was given for the sole purpose of showing what took place at the time the intestate was injured, and not for the purpose of characterizing his condition at the time he spoke."

We think the ruling complained of was kept within the doctrine

of the authorities applicable. (See, also, *Murphy* v. *The N. Y. Central R. R. Co.*, 66 Barb., 125.) We think the learned referees, upon the facts found by them, properly came to the conclusion that the defendant was liable to the plaintiff for the injuries sustained by her, by reason of the falling of a portion of a berth, or the head piece thereof, upon her while occupying the sleeping car. (*Penn. Co.* v. *Roy*, 102 U. S. R., 451; *Thorpe* v. *N. Y. Central and H. R. R. R. Co.*, 76 N. Y., 407.)

*Second.* The learned counsel for the appellant, in closing the points before us, remarks, viz.: "There were at least two other fatal errors committed upon the trial of the case, but as the point considered demands a new trial, the time of the court will not be occupied by them."

It may be observed that the only point discussed by the learned counsel for the appellant is the one we have considered, and as we are of the opinion that that is not well taken, we have contented ourselves with the presumption that the trial in other respects was proper, and that the judgment based upon the findings of the referees was right.

Judgment affirmed, with costs.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.