HARRIET M. OLP, RESPONDENT, *v.* G. CLINTON GARDNER, AS RECEIVER, ETC., APPELLANT.

*Evidence — complaints made by the person injured, after the day of the accident, as to suffering pain are not admissible.*

Upon the trial of this action, brought by the plaintiff to recover damages which she had sustained whilst a passenger upon one of the defendant's cars, her husband was allowed, against the objection and exception of the defendant's counsel, to testify as to complaints made by his wife, after the day of the accident, of being dizzy headed, of a great roaring in her head and of a pain in the back of her eyes.

*Held,* that the evidence should not have been received.

*Roche* v. *The Brooklyn City and Newtown Railroad Company* (105 N. Y., 294) followed.

The rule now is that whilst evidence of declarations which are of an involuntary nature indicating pain or suffering, such as sudden or involuntary groans, screams or sighs resulting from a touch, movement or contract with a foreign substance are competent, the evidence of statements made long after the injury as to the effect of the injury, or as to the sufferings endured therefrom, is not competent.

APPEAL from a judgment entered upon a verdict in favor of the plaintiff at the Monroe Circuit.

*John G. Milburn,* for the appellant.

*W. A. Sutherland,* for the respondent.

HAIGHT, J.:

This action was brought to recover damages for injuries which the plaintiff had sustained whilst a passenger upon one of the defendant's cars. Upon the trial the plaintiff's husband was sworn in her behalf and gave evidence in reference to her physical condition after the injury. He was then asked as to whether she had made complaints since her injury, to which the counsel for the defendant objected to all declarations and statements by the plaintiff as to her complaints after the day of the accident. The counsel for the plaintiff thereupon stated that he did not offer to prove the declarations of the plaintiff, nor recitals of her injuries, nor of her feelings, but only to show that she had made complaints, and the physical manifestations accompanying these complaints. But thereafter immediately followed such statement with the question "what complaints has she made since that time?" This question being objected to, the objection was overruled and an exception was taken by the defendant. The first answer made was not responsive to the question, but he thereafter answered to the effect that she complained of being dizzy headed, of a great roaring in her head and of a pain in the back of her eyes. He was then asked "what is the complaint that she makes when she attempts to read?" This was objected to with the same ruling and exception and the witness answered "she complains of a blurring of the reading and says the letters run together. She complains of her eyes after reading or being in a strong light; her eyes will pain her or her head, back of her eyes."

In the case of *Roche* v. *The Brooklyn City and Newtown Railroad Company* (105 N. Y., 294), it was held that the declarations of the plaintiff of existing pain when walking upon the street, long after the accident, should not have been received, and that it was also error to permit proof of the declaration of the plaintiff to the effect that her arm pained her very much, even though at the same time she showed her arm and it was swollen and red. We are unable to distinguish that case from the one under consideration, and it is hardly worth while to refer to further authority upon the question, for PECKHAM, J., in delivering the opinion of the court, states that the rule has been changed since the parties have been allowed to be sworn as witnesses, in their own behalf. To the same

effect is the opinion in the case of *Reed* v. *The New York Central Railroad Company* (45 N. Y., 574). ALLEN, J., says: " But by the amendment of the Code in 1869, section 398, there is no longer a necessity for giving in evidence the declaration of a party, if he is living and able to be sworn and examined as a witness, and the reason of the rule ceasing, the rule itself, adopted with reluctance and followed doubtingly and cautiously should cease. The admission of this evidence was erroneous and entitles the defendant to a new trial." This opinion, however, was not concurred in by all of the members of the court, and therefore it has been a question as to whether it should be followed.

DANIELS, J., in the case of *Uransky* v. *The Dry Dock, East Broadway and Battery Railroad Company* (44 Hun, 119; S. C., 7 N. Y. State Rep., 395), calls attention to the case and remarks that in view of what has been said in the case it would be the safe course to reject all such evidence. But whatever doubt has heretofore existed in reference to the question, it now must be regarded as settled by the decision in the case of *Roche* v. *The Brooklyn City and Newtown Railroad Company.*

The case of *Hagenlocher* v. *The Coney Island and Brooklyn Railroad Company* (99 N. Y., 136), has already been distinguished and commented upon by PECKHAM, J., and does not require further comment. The rule, as we understand it, now is, that while evidence of declarations, which are of an involuntary nature indicating pain or suffering, such as sudden or involuntary groans, screams or sighs, resulting from a touch, movement, or contact with a foreign substance, are competent; but the evidence of statements made long after the injury, as to the effect of the injury, or as to the suffering endured therefrom, is not competent. None of the other questions raised upon the appeal do we care to discuss.

For the reasons stated, the judgment should be reversed and a new trial ordered, costs to abide event.

BARKER, P. J., and BRADLEY, J., concurred; DWIGHT, J., not sitting.

Judgmen reversed and new trial ordered, costs to abide event.