54 183
130a 654

MARY J. KENNEDY, RESPONDENT, *v.* THE ROCHESTER CITY AND BRIGHTON RAILROAD COMPANY, APPELLANT.

*Utterances of a party injured, shortly after the accident — when competent.*

On the trial of an action, brought to recover damages for an injury received by the plaintiff, while a passenger on one of the defendant's horse railroad cars, by reason of the negligence of the person in charge of the same, a witness on behalf of the plaintiff was asked: "Q. State when she (plaintiff) came home did she complain at all. A. Yes." "Q. State what she complained of. A. She complained of her side and head; pain in her head and side, and she didn't get much sleep all night."

*Held,* that the evidence was competent.

That the utterances of the plaintiff, which it appeared were made within an hour after the accident, that her side and head pained her, were in the nature of and to the same effect as a moan or sigh made by a suffering person.

*Roche* v. *Brooklyn City and New Town Railroad Company* (105 N. Y. 294) distinguished; *Lewke* v. *Dry Dock Company* (46 Hun, 283) followed.

That the proper rule in such a case excludes a simple statement or declaration, made by the injured party some days after the accident, that he is suffering from pain in the part of the body claimed to be injured, when unaccompanied by any other manifestation of an involuntary nature indicative of suffering, but admits evidence of exclamations indicative of pain made by the injured person.

APPEAL by the defendant from a judgment entered, upon a verdict in the plaintiff's favor at the Monroe Circuit for $5,000, in the office of the clerk of Monroe county June 11, 1888, and from an order of the Special Term, entered in said clerk's office June 11, 1888, denying the defendant's motion for a new trial.

*Thomas Raines,* for the appellant.

*P. Chamberlain, Jr.,* for the respondent.

BARKER, P. J.:

This action is to recover damages for an injury received by the plaintiff while a passenger on one of the defendant's cars, alleged to have been caused by the negligent conduct of the person in charge of the same.

The plaintiff, in company with her sister, hailed the car as it was passing, and the driver recognized the call and stopped the car for them to take passage therein. The plaintiff testified, and her statement was corroborated by her sister, that when she reached the rear of the car she placed one hand on the railing attached to the body of the car and placed one foot on the first step of the platform, and was in the act of raising the other when the car started up with a sudden jerk and she was thrown off by force of the jar and fell on the stone pavement and received injuries to her head and side. The defendant's evidence tended to show that the plaintiff jumped from the car after she had gained the platform and while the car was standing, and fell on the pavement with some violence, and in this way received the injuries of which she complains. The plaintiff was unmarried, a seamstress by occupation, and twenty-eight years of age. The evidence tended to show that the injuries which she received were painful and permanent in their character and impairing in a degree her mental faculties.

The conflict in the evidence on the question of the defendant's negligence made a clear case for the consideration of the jury. That the defendant does not dispute. We see no reason for interfering with the verdict on the ground that it is against the weight of evidence.

The learned trial judge correctly stated to the jury what would constitute negligence on the part of the defendant, and also the state of facts, if they existed, which would exempt it from that imputation, and to this part of the charge the defendant assented. Some exceptions were taken by the defendant to the rulings of the court in receiving items of evidence against its objections which merit examination. The plaintiff's home was some ten blocks distant

from the place where she was injured, which she reached in about one hour thereafter in company with her sister, they walking part of the distance. Her sister was called as a witness and briefly described the condition and appearance of the plaintiff after she reached her home, stating, in substance, that she was restless all night and did not get any sleep. This question was then asked this witnesss: "State when she came home, did she complain at all?" A. "Yes." Q. "State what she complained of?" This question was objected to as incompetent and overruled, and the defendant excepted, and the witness gave the answer: "She complained of her side and head; pain in her head and side, and she didn't get much sleep all night." It is contended that this evidence was incompetent for the reason that it is mere hearsay, and nothing more than a simple statement or declaration made by the plaintiff, after she was injured, that she was, at the time of making the same, suffering from pain in her head and side. In support of the exception, the appellant relies upon the rule of evidence as modified and stated in *Roche* v. *The Brooklyn City and Newtown Railroad Company* (105 N. Y., 294).

In that case it was held that, in an action to recover damages for alleged negligence, causing a personal injury, declarations of the party injured, made some time after the injury, simply to the effect that he is suffering pain, when not made to a physician in professional attendance, are not competent as evidence; but that screams, groans and involuntary exclamations made by the injured person, indicative of physical injury or distress of mind, are competent.

Prior to the adoption of the provisions of the Code allowing parties to testify in their own behalf, the rule was well established that whenever the bodily or mental feelings of an individual are material to be proved, the usual and natural expressions of such feelings made at the time in question, were competent as original evidence in his favor. (1 Greenleaf, § 102; *Bacon* v. *Inhabitants of Charlton*, 7 Cush., 581; *Caldwell* v. *Murphy*, 11 N. Y., 416; *Wereley* v. *Persons*, 28 id., 344.) This rule forms an exception to the general rules of evidence and was founded largely upon the necessity of admitting such proof to establish the nature and character of the injuries which the complaining party had suffered from the

negligence of another. In recent decisions made by the Court of Appeals this rule has been limited in its application, and the question is, whether the evidence admitted was competent under the modified rule? I think it was. In the case of *Hagenlocher* v. *Coney Island and Brooklyn Railroad Company* (99 N. Y., 136), it was held that it was competent to prove in behalf of the plaintiff, in an action to recover damages from an injury caused by the alleged negligence of the defendant, exclamations made by the injured party indicative of pain at the time they were uttered. In that case the evidence received and held to be competent was to the effect that when the plaintiff's injured foot was lifted or slightly touched with a blanket she groaned or screamed with pain. The court, in its opinion, remarked if evidence of the exclamations, which are the natural concomitants and sign of pain and suffering were excluded, in many cases, a party testifying as a witness in his own behalf would be deprived of that corroboration of his evidence to which he is justly entitled. Evidence may be given that a person appeared to be in great agony, was emaciated, looked haggard and feeble, and why not that she screamed from pain? The more recent case of *Roche* v. *Brooklyn and Newtown Railroad Company* (*supra*), is the authority upon which the appellant relies in support of this exception. In that case the action was to recover for personal injuries, received by the plaintiff while a passenger on the defendant's car, alleged to have been caused by the defendant's negligence. The evidence received and held to be incompetent was to the effect that some days after the happening of the accident which caused the injury, the plaintiff, in the presence of the witness, complained that she was suffering pain in her injured arm, at the same time exhibiting it, and it appeared to be in an inflamed condition. In stating the circumstances under which the statement was made, the court, in its opinion, remarks: "The witness did not testify that on these occasions the plaintiff screamed or groaned, or gave other manifestations of a seemingly involuntary nature, and indicative of bodily suffering, but he proved simple statements or declarations made by the plaintiff, that she was at the time of making them suffering pain in her arm." The case of *Hagenlocher* (*supra*) was referred to by the court with approval, and with this comment, that that case decides that even since the Code evidence of exclamations, indicative of pain

made by a party injured, is admissible, and that the rule does not confine the proof to exclamations made at the time of the injury.

The case seemed to modify the old rule so as to exclude a simple statement or declaration made by the injured party, some days after the accident, that he was suffering from pain in the part of the body claimed to be injured, when unaccompanied by any other manifestation of an involuntary nature, indicative of suffering, but adhering to the pre-existing rule so far as to admit evidence of exclamation indicative of pain made by the injured party. This is the view taken of that case by this court in *Olp* v. *Gardner* (48 Hun, 169), where HAIGHT, J., speaking for the court, said : " The rule, as we understand it, now is, while evidence of declarations, which are of an involuntary nature indicating pain or suffering, such as sudden or involuntary groans, screams or sighs, resulting from a touch, movement or contact with a foreign substance, are competent ; but the evidence of statements, made long after the injury as to the effect of the injury, or as to the suffering endured therefrom, is not competent."

In the case at bar the complaint made by the plaintiff was uttered within an hour after the accident, and in the presence of the witness, who saw the plaintiff when she fell ; and at the time the utterance was made by the plaintiff there were other signs of an involuntary nature indicating bodily suffering, such as restlessness and inability to sleep for the entire night following the accident. The utterance of the plaintiff that her head and side pained her was in the nature and to the same effect as a groan or sigh made by suffering persons. The statement does not appear to have been made for the purpose of informing those attending the plaintiff that her person was injured, and that she was suffering pain in those parts, but they may be fairly characterized as an exclamation made by a suffering person, who was then in a restless condition, and unable to secure sleep, without any design or purpose on her part of communicating to those surrounding her the fact that she was suffering pain in her head and side. The complaint made was accompanied by other marked signs of suffering bodily injuries recently received, which, in my opinion, made her statements competent evidence within the limit of the modified rule. In *Roche's Case* (*supra*) it would seem, from the facts of the case, as

stated in the opinion of the court, that the statement, which it was held was incompetent for the plaintiff to prove, was made by her for the simple purpose of informing the person to whom her remarks were addressed that she had received an injury and was suffering pain therefrom. The case at bar is, in all essential particulars, like the case of *Lewke* v. *Dry Dock, etc., Railroad Company* (46 Hun, 283). In that case the witness observed the accident which occurred in a public street, and the plaintiff was taken to a store in the vicinity kept by the witness, who saw the plaintiff's injured limb which then seemed to be swelling. The witness was allowed to testify that the plaintiff complained at that time of pain in his leg. It was held that the evidence was competent; the complaints uttered were in the nature of an exclamation by the injured party, and were competent within the rule as stated in the recent cases, citing *Roche* v. *Brooklyn and Newtown Railroad Company* (*supra*). It may be difficult, in many cases which are likely to arise, to distinguish between what is a mere statement by the injured party, made for the purpose of conveying to another the fact that he is suffering bodily pains, and the involuntary exclamation of such a person indicative of pain arising from an injury. Each case, as it arises, must be determined by its own facts and attending circumstances.

All the other exceptions referred to in the appellant's brief have been examined, and I find no error in the rulings brought to our attention. The plaintiff's counsel read an extract from a medical author on the subject of nervous disorder and shocks, in which he expressed the opinion that in a certain class of cases the patient would never recover, and then asked one of the plaintiff's medical witnesses, " Is that good doctrine ? " The defendant's counsel made a general objection, which was overruled and an exception. The witness made no answer to this question, but the court asked the witness the following question : " Does that meet your judgment as a medical man ? " and the witness answered the question in the affirmative, without any objection by the defendant. The question propounded by the court is very different in its import and meaning from the one asked by the plaintiff's counsel; and as the answer was received to the last question without objection, it may be assumed that the defendant consented that the witness might answer the same.

The appellant also claims that the damages as fixed by the verdict of the jury are excessive. In actions to recover damages for personal injuries caused by the negligence of another, the amount which should be awarded is necessarily a matter of judgment, and the verdict of a jury will not be set aside as excessive unless it manifestly appears to be the result of passion, partiality, prejudice or corruption, or a failure on the part of the jury to comprehend the rule of damages applicable to the case, as stated to them by the court for their guide, although the court would have been better satisfied with a verdict for a less sum.

In this case the evidence tended to show that the plaintiff had suffered permanent physical injury, and also a degree of mental impairment, in consequence of the defendant's negligence, and we are unable to say that the judgment of the jury is not fairly supported by the evidence and circumstances of the case. We cannot disturb the verdict on that ground, and the judgment and order must be affirmed.

DWIGHT, J., concurred; MACOMBER, J., not sitting.

Judgment and order affirmed.